UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERIC ALFORD                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:25-CV-35-DPJ-ASH

WARDEN WINGFIELD                                              DEFENDANT

REPORT AND RECOMMENDATION

Pro se Plaintiff Eric Alford, a federal inmate, filed this Petition for Writ of Habeas

Corpus [1] under 28 U.S.C. § 2241 challenging the Bureau of Prisons' (BOP) calculation of jail-

time credits. As explained below, the undersigned recommends that Alford's petition be

dismissed for failure to exhaust.

I.        Facts and Procedural History

On May 16, 2024—following his conviction for traveling with intent to engage in illicit

sexual conduct with a minor in violation of 18 U.S.C. § 2423(b)—Alford was sentenced to forty-

six months of incarceration and five years of supervision. *See* Landers Decl. [7-1] ¶ 4. Alford is

currently housed at the Federal Correctional Complex in Yazoo City, Mississippi (FCC Yazoo

City).

On January 16, 2025, Alford filed this petition under 28 U.S.C. § 2241 arguing that he

has earned First Step Act (FSA) credits,[1] which the BOP has not applied to his sentence. Pet. [1].

Respondent filed a response arguing that Alford's petition should be dismissed because he failed

to exhaust his administrative remedies prior to filing his petition. Resp. [7]. Alford filed a

response in opposition. Resp. in Opp. [9].

---

[1] The FSA provides eligible inmates with opportunities to participate in and complete recidivism
reduction programs or productive activities which offer the inmates potential reductions in their
sentences. 18 U.S.C. § 3632(d).

II.    Analysis

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Before seeking habeas relief under 28 U.S.C. § 2241, a federal inmate must exhaust the administrative remedies made available by the BOP. *See Williams v. Willis*, 765 F. App'x 83, 83 (5th Cir. 2019); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Then Magistrate (and now Fifth Circuit) Judge Ramirez succinctly explained the BOP's administrative exhaustion process:

> The multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints is set forth in 28 C.F.R. §§ 542.10-542.19. *See Gross v. Cruz*, No. 3:09-CV-0928-B, 2009 WL 1675075, at *1 (N.D. Tex. June 15, 2009). BOP Program Statement 1330.18, *Administrative Remedy Program*, outlines the procedure and provides federal prisons relevant guidance regarding it. *See id.* (citing *Aguirre-Castillo v. United States*, No. 1:03-CV-146-C, 2004 WL 594105, at *2 (N.D. Tex. Feb. 26, 2004)). Under this procedure, inmates may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The administrative process begins with informally presenting the issue to BOP staff for resolution, followed by successive formal steps which respectively require the submission of an Administrative Remedy Request to the Warden, an appeal to the Regional Director if unsatisfied with the Warden's response, and an appeal to the BOP General Counsel if unsatisfied with the Regional Director's response. 28 C.F.R. §§ 542.13, 542.14, 542.15. The filing of an appeal to the General Counsel "is the final administrative appeal." 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate [has] exhausted her administrative remedies for filing a § 2241 petition. *See Gross*, 2009 WL 1675075, at *1.

*Gayton v. Rivers*, No. 3:23-CV-1842-X, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023).

While exceptions to the exhaustion requirement exist, these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010). Exceptions are appropriate "'where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). "The petitioner bears the burden of demonstrating the futility of administrative review." *Owen v. Hall*, No. CV-H-24-2868, 2024 WL 4819440, at *2 (S.D. Tex. Nov. 15, 2024) (citing *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017)). Moreover, failure to pursue each level of review "undermine[s] the purpose of [] wholly completing the Administrative Remedy Program." *Hopper v. Smith*, No. 4:23-CV-737-O, 2024 WL 920084, at *2 (N.D. Tex. Mar. 4, 2024).

Respondent has submitted unrebutted evidence that Alford failed to exhaust his FSA-credits claim. In her declaration, Amy Landers, the paralegal specialist for the Consolidated Legal Center at FCC Yazoo City, states that Alford "filed no administrative remedies to address his concerns regarding the application of his federal time credits under the FSA." *See* Landers Decl. [7-1] ¶ 14. Alford also admits that he did not exhaust administrative remedies. *See* Pet. [1] at 2-3.

Alford says the Court should excuse him from the exhaustion requirement because he never received a response to his BP-8 form submitted at the initial informal stage. *See* Resp. in Opp. [9] at 1-2; *see also* Pet. [1] at 2-3. Even if Alford received no response to his attempt at informal resolution, as he claims in his affidavit, Aff. [9-1] ¶ 9, this "lack of response [does not] excuse[] a failure to exhaust." *Brown v. Harrison*, No. 3:23-CV-607-TSL-LGI, 2024 WL 4135495, at *2 (S.D. Miss. July 26, 2024) (citing *Nelson v. Natal*, No. 3:17-CV-716-CWR-LRA,

2019 WL1304259 (S.D. Miss. Feb. 14, 2019)) (rejecting futility argument where petitioner "waited several months for BOP officials to respond to his BP-8 form requesting an informal resolution, only to be informed that no response would be forthcoming"), *report and recommendation adopted*, 2024 WL 3888907 (S.D. Miss. Aug. 21, 2024). More specifically, no response from BOP staff at the informal stage "does not preclude him from filing a BP-9 Step One grievance or appealing the denial of such a grievance to the regional or central levels." *Bowen v. Bureau of Prisons of United States*, No. 5:20-CV-62, 2020 WL 7054237, at *8 (E.D. Tex. June 5, 2020) (citing *Lea v. Gessleman*, No. 5:09-CV-34, 2010 WL 1329470 (E.D. Tex., March 4, 2010)), *report and recommendation adopted*, 2020 WL 5887110 (E.D. Tex. Oct. 5, 2020).

Under 28 C.F.R. § 542.13, the Warden or the institution's Administrative Remedy Coordinator has discretion to waive the initial step "when the inmate demonstrates an acceptable reason for bypassing informal resolution." Alford never submitted a formal BP-9 request at the institutional level. *See* Landers Decl. [7-1] ¶ 14; [7-1] at 10; Pet. [1] at 3. Had he done so, he may have been granted a waiver of informal resolution. This distinguishes Alford's case from the Third Circuit's decision in *Millhouse* on which he relies. *Millhouse v. Heath*, 815 F. App'x 628, 631 (3d Cir. 2020) (noting the prisoner submitted multiple formal requests but those were rejected for failure to obtain a response at the informal stage). On this record, Alford cannot demonstrate that a request for an administrative remedy at the first step of the formal process (a BP-9) would have been rejected.

Alford also claims that because he is already "beyond his FSA/SCA mandatory transfer date," further administrative exhaustion is futile. Resp. in Opp. [9] at 2. Prisoners are required to exhaust administrative remedies in a procedurally correct manner. "The fact that it takes time to

exhaust administrative remedies does not excuse [Alford] from completing the process." *Jackson v. Harrison*, No. 3:22-CV-471-TSL-MTP, 2024 WL 542400, at *2 (S.D. Miss. Jan. 12, 2024), *report and recommendation adopted*, 2024 WL 542379 (S.D. Miss. Feb. 9, 2024). Alford's belief that he has already missed his transfer date does not establish extraordinary circumstances that would warrant waiver of the exhaustion requirement. *Id.* (explaining a petitioner's belief that "his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion."). Alford has therefore failed to comply with the BOP's administrative procedural rules.

III.    Conclusion

Alford has failed to exhaust his FSA-credits claim and has demonstrated no extraordinary circumstances that would warrant waiving the exhaustion requirement. The undersigned therefore recommends that Alford's petition be dismissed for failure to exhaust.

IV.    Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[2] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within

---

[2] When a document is served by mail, the party is considered to have been served on the date that the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

5

fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Respectfully submitted, this the 8th day of July, 2025.

<u>s/ *Andrew S. Harris*</u>
UNITED STATES MAGISTRATE JUDGE